IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| Ashton Goretzke, | ) | Case No.: _____ |
| --- | --- | --- |
| | ) | Former Civil Action No.: 2023CP2603097 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **DEFENDANT'S ANSWER TO** |
| | ) | **PLAINTIFF'S COMPLAINT** |
| Target Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**COMES NOW,** the Defendant, Target Corporation (hereinafter "Target"), by and through its undersigned attorneys, answering the Complaint of the Plaintiff, would allege and show unto the Court:

## FOR A FIRST DEFENSE

1. Each and every allegation of the Plaintiff's Complaint not specifically admitted herein is denied.

2. Defendant lacks sufficient knowledge and information to form a belief as to the allegations of paragraph 1 and thereby deny the same.

3. Target Admits so much of Paragraph 2 which alleges that Defendant Target Corporation, is organized and existing pursuant to the laws of a State other than South Carolina. Lack sufficient knowledge and information to form a belief as to the remaining allegations of paragraph 2 and therefore deny the same.

4. Defendant lacks sufficient knowledge and information to form a belief as to the allegations of paragraph 3, 4, 5, 6 and 7 and thereby deny the same.

5. Target would show that their duties are prescribed by and in accordance with the laws of the State of South Carolina, to the extent the allegations of paragraph 8 are inconsistent

therewith, hereby denies the same. Target denies the remaining allegations of paragraph 8 and demands strict proof thereof.

6. Target denies the allegation in paragraph 9, 10, 11 and 12 and demands strict proof thereof.

### FOR A SECOND DEFENSE
### (Failure to State a Claim)

10. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

11. Target would show that the Plaintiff's Complaint fails to state a claim upon which relief can be granted, and therefore should be dismissed pursuant to Rule 12 of the South Carolina Federal Rules of Civil Procedure.

### FOR A THIRD DEFENSE
### (Contributory Negligence)

12. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

13. Target would show that such injuries or losses that Plaintiff sustained, if any, were due to and caused by the sole negligence, gross negligence, willfulness, wantonness, carelessness and recklessness of the Plaintiff, combining, concurring and contributing with the negligence, if any, on the part of each Defendant, to such a degree that Plaintiff's recovery is barred by the doctrine of contributory negligence in South Carolina.

### FOR A FOURTH DEFENSE
### (Intervening and Superseding Negligence)

14. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

15. Target would show that such injuries or losses that Plaintiff sustained, if any, as alleged in Plaintiff's Complaint, were not due to or caused by any negligence on the part of the Defendant, but was rather due to and caused by the contributing, concurring, intervening or superseding fault, breach of warranty or act or omission of a third party, over which all Target had no control.

### FOR A FIFTH DEFENSE
### (Assumption of Known Risk)

16. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

17. Target would show that the Plaintiff knew of the probable risk of injury or harm resulting from Plaintiff's actions, and therefore, that Target would plead the doctrine of assumption of a known risk as a complete bar to this action.

### FOR A SIXTH DEFENSE
### (Statute of Limitations)

18. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

19. Target would show that this action is barred by the applicable Statute of Limitations.

### FOR A SEVENTH DEFENSE
### (Unavoidable Accident)

20. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

21. Target would show that such injuries or losses that the Plaintiff sustained, if any, as alleged in Plaintiff's Complaint, were not due to or caused by the negligence on the part of the

Target but was rather due to and caused by an unavoidable accident, thereby barring any claim whatsoever.

## FOR AN EIGHTH DEFENSE
### (Waiver and Estoppel)

22. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

23. Target would show that Plaintiff's Complaint is barred by the doctrine of waiver and estoppel.

## FOR A NINTH DEFENSE
### (Spoliation)

24. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

25. Target would show that Plaintiff's Complaint is barred by the doctrine of spoliation

## FOR A TENTH DEFENSE
### (Punitive Damages)

26. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

27. Target alleges that the Plaintiff's claim for punitive damages violates both the Fourteenth Amendment to the United States Constitution in that the jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of any meaningful standard and is inconsistent with due process guarantees.

28. Target alleges that the Plaintiff's claim for punitive damages violates the Fifth, Sixth and Fourteenth Amendments to the United States Constitution because, even if it could be argued

the standard governing the imposition of punitive damages exists, the standard would be void due to vagueness.

29. Target alleges that the Plaintiff's claim for punitive damages violates the equal protection clause of the Fourteenth Amendment to the United States Constitution in that the amount of punitive damages is based upon the wealth of the Defendant.

30. Target alleges that the Plaintiff's claim of punitive damages violates the doctrine of separation of powers and because punitive damages are a creation of the Judicial Branch of government which invades the province of the Legislative Branch of government.

31. Target would show, upon information and belief, that the Plaintiff's claim for punitive Damages violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the Constitution of the United States of America in that it violates the double jeopardy clause in that Target could be subjected to multiple awards of punitive damages for the same set of facts; the self-incrimination clause is being violated because Target can be compelled to give testimony against itself in a penalty situation such as punitive damages; the assessment of punitive damages by a burden of proof less than beyond a reasonable doubt is violative of the Sixth and Fourteenth Amendments in that punitive damages are a fine or penalty and are, therefore, quasi-criminal in nature; Plaintiff's claim for punitive damages violates Target's right to access the courts as guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of punitive damages chills Target's exercise of that right; the Plaintiff's claim for punitive damages violates the Eighth Amendment's guarantee that excessive fines shall not be imposed; the Plaintiff's claim for punitive damages violates both the due process and equal protection clauses of the Fourteenth Amendment in that the standard for awarding either punitive damages is unduly vague and,

therefore, violates both procedural and substantive due process safeguards; therefore, the Plaintiff's claim for punitive damages should be dismissed.

32. The Target plead all applicable statutory caps on punitive damages, including but not limited to the caps described in S.C. Code Ann. § 15-32-530, *et seq*., as amended.

**FOR AN ELEVENTH DEFENSE**
**(Pleading the Law)**

33. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

34. Pursuant to *Garrison, et al. v. Target Corporation*, to the extent any provision within the Federal or State Constitutions, Laws, Regulations or Rules operate as an affirmative defense, Defendant pleads all such provisions.

35. Target further places Plaintiff on notice of all law which may apply in this case. The Target reserves the right to cite to and invoke all applicable law in its arguments, briefing, and other submissions to the Court.

**FOR A TWELFTH DEFENSE**
**(Open and Obvious)**

36. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

37. The alleged hazard was open and obvious, so Target had no duty to warn people of it; Target had no basis for anticipating the resulting harm, so Plaintiff's cause of action should be dismissed under *Sides v. Greenville Hosp. System*, 362 S.C. 250, 607 S.E.2d 362 (Ct. App. 2004).

**WHEREFORE**, having fully answered, Target prays that the Plaintiff's Complaint be dismissed with costs, for attorneys' fees and such other and further relief this Court deems just and proper.

The Defendant demands a jury trial.

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**

<u>s/Mark S. Barrow</u>
Mark S. Barrow (Fed ID No.: 1220)
Grace G. Brown (Fed ID No.: 13592)
1515 Lady Street
Post Office Box 12129
Columbia, South Carolina 29211
(803) 256-2233

**ATTORNEYS FOR DEFENDANT**

Columbia, South Carolina

June 21, 2023